**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1333
_____

HAMID ABDUL-SHABAZZ,
Appellant

v.

ADMINISTRATOR EAST JERSEY STATE PRISON;
THE ATTORNEY GENERAL OF THE STATE
OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2:14-cv-03959)
District Judge:  Honorable Esther Salas
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 16, 2020

Before: JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*

(Opinion filed: January 17, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Hamid Abdul-Shabazz appeals the order of the United States District Court for the District of New Jersey denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because the state court reviewing his case did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984), we will affirm the District Court's denial of habeas relief.

## I.      Background[1]

Petitioner was convicted for crimes related to the armed robbery of Joseph Robinson, who made an in-person identification of him a month after the robbery. Trial counsel argued that Robinson might have been shown Petitioner's mug shot, among others, on the day of the robbery but failed to pick out Petitioner as the perpetrator at that time. In post-conviction relief (PCR) proceedings in state court, Petitioner was represented by a different attorney who confirmed that his mug shot was indeed in the database used to generate the group of photos shown to Robinson. On that basis, Petitioner claimed his trial counsel provided ineffective assistance by conducting a deficient investigation and thereby prejudicing his defense.

After an evidentiary hearing, the Superior Court denied Petitioner's PCR petition. The Appellate Division affirmed, and the New Jersey Supreme Court denied his petition for certification. On federal habeas review, the District Court denied Petitioner's

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2254, and we have jurisdiction under 28 U.S.C. § 2253(a). Because the District Court did not conduct an evidentiary hearing, our review is plenary. *Abdul-Salaam v. Sec'y of Pa. Dep't of Corr.*, 895 F.3d 254, 265 (3d Cir. 2018).

2

petition. We granted a certificate of appealability as to Petitioner's "claim that counsel performed ineffectively by failing to properly investigate whether his photo was in the database shown by police to the victim shortly after the crime." App. 30.

## II. Discussion

Before us, Petitioner reiterates his argument that trial counsel's investigation was deficient and resulted in prejudice. In addition, in an effort to bolster that argument, Petitioner contends that counsel's failure to object to a related jury instruction "compounded counsel's ineffectiveness." Appellant's Br. 31. We address these alleged deficiencies separately.

### A. Failure to Investigate

Where state courts have ruled on the merits of the petitioner's claim, we defer under the Antiterrorism and Effective Death Penalty Act (AEDPA) to the "last reasoned decision," *Abdul-Salaam*, 895 F.3d at 265 (citation omitted)—here, the Superior Court's decision[2]—and we grant relief only if this decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d).

Here, the District Court concluded that the Superior Court reasonably analyzed Petitioner's ineffective assistance of counsel claim under *Strickland*'s general standard, looking first to whether counsel's performance was deficient and, second, to whether the defendant suffered prejudice. When deferring under AEDPA to a state court's *Strickland*

---

[2] We do not treat the Appellate Division's decision as the last reasoned decision because it affirmed the denial of PCR relief "substantially for the reasons" stated by the Superior Court. App. 146; *see Bond v. Beard*, 539 F.3d 256, 289–90 (3d Cir. 2008).

3

analysis, our review is "doubly deferential" because we take "a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (internal quotation marks and citations omitted). We ask not whether "the state court's determination . . . was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citation omitted).

We agree with the District Court that Petitioner has not made that showing here.[3] Trial counsel sought from the Passaic police the group of photos actually shown to Robinson, but the computer did not record which ones were displayed. Without confirmation that Robinson actually saw Petitioner's photo, trial counsel did the next best thing: He argued that Robinson *might* have seen Abdul-Shabazz's photo and that the State presented no contrary evidence. Specifically, in cross-examining a Passaic police officer, trial counsel elicited testimony that "right now we have a case where Mr. Robinson could have looked at Mr. Shabazz's photo and not identified him." App. 106. Then, in closing argument, trial counsel emphasized that "the State[] has not presented any testimony to you to show that Mr. Shabazz's picture was not . . . [one of the] pictures that he looked at, meaning Robinson on [the day of the robbery]." App. 17. But because counsel's investigation did not confirm that Petitioner's picture definitively was in the

---

[3] While we agree with the Superior Court that Petitioner failed to demonstrate performance and thus cannot say this aspect of the Superior Court's determination was unreasonable, we address here only the prejudice prong as that suffices to resolve this case.

database, Petitioner argues that he was unable to effectively attack Robinson's credibility, resulting in prejudice.

For trial counsel's allegedly deficient performance to be prejudicial, there must be a "reasonable probability . . . sufficient to undermine confidence in the outcome" that but for the alleged error, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner has not established that reasonable probability. Had counsel confirmed the photo was in the database, there still would have been no evidence that it was actually in the group of photos Robinson viewed, which were drawn from the database based on the reported characteristics of the perpetrator, including age, race, and—perhaps, although the officer could not recall with certainty—build. Given that the group of photos shown to Robinson was merely a subset of the database, and there is conflicting testimony about whether Robinson's description of the perpetrator at that time would have filtered for Petitioner's photo, it is speculative at best—even with confirmation that his photo was in the database—whether it was actually shown to Robinson.

Thus, the argument Petitioner contends trial counsel could have made if he had properly investigated is the very argument counsel did make: that Robinson *might* have seen Abdul-Shabazz's mug shot the day of the robbery but failed to identify him at that time. Because there is not a "substantial" likelihood, *Harrington v. Richter*, 562 U.S. 86, 112 (2011), that the jury would have disbelieved Robinson's in-person identification had it known Petitioner's photo definitively was in the database, the Superior Court was not

5

unreasonable in concluding that his ineffective assistance of counsel claim can be denied

"primarily under the second prong of the [*Strickland*] test." App. 135.

B.    Failure to Challenge Jury Instruction[4]

At trial, when the State began to ask the police officer if mug shots from arrests in other jurisdictions could have been included in the Passaic database, trial counsel moved for a mistrial because the line of questioning revealed information about Petitioner's other arrests. The trial judge then instructed the jury: "So you don't misunderstand the prosecutor's question and think from it that maybe there was an arrest somewhere else, . . . there was no arrest that would have generated a photograph. An arrest made someplace out of the municipality of Passaic that would have generated a photograph that would be in that system." App. 112–13.

Petitioner urges that this jury instruction "compounded counsel's ineffectiveness," Appellant's Br. 31, presumably because, if stripped from its context, the words "there was no arrest that would have generated a photograph" could imply that he was not in the Passaic database. But in context, it is clear that the questioning had been about arrests outside of Passaic, and the jury instruction spoke only to mug shots from other jurisdictions. We cannot perceive how counsel's strategic decision to move for a mistrial

---

[4] To the extent that Petitioner claims counsel's failure to challenge the jury instruction is its own species of ineffectiveness, that is not the claim we certified and was not clearly raised in PCR proceedings in state court. In any event, we proceed because the claim "may be denied on the merits, notwithstanding the failure of the applicant to exhaust." 28 U.S.C. § 2254(b)(2); *see Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 75 (2009) (Alito, J., concurring); *Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012).

and then to accept the trial court's favorable jury instruction was objectively unreasonable—especially given that we "apply the strong presumption of competence that *Strickland* mandates," *Pinholster*, 563 U.S. at 196—much less prejudicial to Petitioner.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's order denying habeas relief.